ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| DANIEL RIVERA COLÓN<br><br>Apelante<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN Y OTROS<br><br>Apelados | TA2025AP00115 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Núm. PO2023CV03169<br><br>Sobre: Daños y perjuicios |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Ortiz Flores, el Juez Rivera Torres y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, hoy 23 de julio de 2025.

Comparece *in forma pauperis* y por derecho propio la parte demandante y apelante, Sr. Daniel Rivera Colón (señor Rivera Colón), mediante un recurso de apelación.[1] El miembro de la población correccional solicita nuestra intervención para dejar sin efecto la *Sentencia* emitida el 4 de junio de 2025, notificada el día 12 siguiente, por el Tribunal de Primera Instancia, Sala de Ponce (TPI). En el aludido dictamen, el TPI archivó, sin perjuicio, la causa de acción ante sí, por virtud del inciso (a) de la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, al apelante dejar de cumplir con unas órdenes.

**I.**

El presente caso se inició el 16 de octubre de 2023, ocasión en que el señor Rivera Colón instó una *Demanda* en contra de la parte demandada y apelada, Estado Libre Asociado de Puerto Rico (Estado), el Departamento de Corrección y Rehabilitación (DCR) y varios funcionarios de la referida

---

[1] Autorizamos la petición presentada y relevamos al señor Rivera Colón del pago del arancel por virtud de la *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia*.

agencia.[2] En esencia, denunció la violación de sus derechos civiles, daños físicos y angustias mentales. En específico, narró que el 9 de enero de 2023, el oficial correccional Arkel Rivera Cintrón intervino con el demandante para trasladarlo a otro módulo y le colocó una restricción mecánica. Dijo que le indicó a Rivera Cintrón que las esposas estaban muy apretadas y alegó que el funcionario lo agredió con los puños en el rostro. Añadió que los sargentos Casiano y Vázquez también lo golpearon en otras partes del cuerpo. Como consecuencia, aseveró que fue llevado a la sala de emergencias de la institución carcelaria Ponce Máxima, donde fue atendido por el Dr. Martínez. Un comandante tomó fotografías de sus lesiones. El demandante manifestó que intentó infructuosamente con el superintendente y otros supervisores que llamaran a la Policía para entablar una querella. Tampoco tuvo éxito a través de la División de Remedios Administrativos.

Como resultado de la presunta golpiza, el señor Rivera Colón adujo que su salud física y mental se ha visto afectada. En particular, mencionó que ha tenido pesadillas y sufrido dolores en el cuerpo y la cabeza por los fuertes golpes. Refirió a su expediente médico en el cual figuraba la información y evaluación médica relevante a los hechos alegados. Por los daños sufridos, reclamó una compensación de $175,000.00. Además, el apelante solicitó la designación de un abogado.

En lo que nos compete, surge del tracto procesal que, el 23 de enero de 2024, el Estado interpuso una moción en la que sostuvo que la *Demanda* no cumplía con la Regla 8.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 8.2, la cual regula la forma y manera de las alegaciones.[3] Sin presentar su alegación responsiva, arguyó que la reclamación civil "consta de ocho (8) páginas de amplios párrafos que no están enumerados y

---

[2] Entrada 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC). El señor Rivera Colón presentó el formulario para que se le eximiera del pago de arancel por indigencia y el TPI lo declaró con lugar. Véanse, entradas 2 y 3 del SUMAC.
[3] Entrada 11 del SUMAC.

mezclan circunstancias, lo cual dificulta identificar cada una de las alegaciones". En respuesta, el TPI declaró con lugar la contención del Estado el 24 de enero de 2025.[4] Ordenó al demandante a enmendar la *Demanda* de conformidad con la Regla 8.2 de Procedimiento Civil, *supra*, en un término de treinta (30) días, so pena de sanciones, incluyendo la desestimación sin perjuicio de la causa de acción.

Surge del expediente que el 1 de febrero de 2024, el señor Rivera Colón fue trasladado de Ponce Máxima a Bayamón 501. Sin embargo, en atención a la *Orden*, el demandante reiteró su solicitud para la designación de representación legal.[5] Sostuvo que había cursado hasta el noveno grado y que no contaba con los conocimientos necesarios para cumplir con los criterios de la autorrepresentación legal. El TPI denegó la petición.[6] Inconforme, el señor Rivera Colón recurrió la determinación ante esta curia (KLCE202400418). En esa ocasión, decidimos expedir el recurso discrecional, así como revocar la decisión para que el foro primario evaluara la solicitud, según lo dispuesto en el *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico*, de manera que emitiera una decisión fundamentada.

El TPI cumplió con el mandato. Luego de consignar que la declaración de indigencia del demandante fue declarada en concordancia con las normas atinentes, en el ejercicio de su discreción, el 12 de junio de 2024, designó al Lcdo. Arnaldo Rivera Seda (licenciado Rivera Seda) como abogado de oficio del señor Rivera Colón.[7] Fundamentó su determinación en que el caso versaba sobre una reclamación de violación a los derechos civiles.

---

[4] Entrada 12 del SUMAC.
[5] Entrada 13 del SUMAC.
[6] Entrada 14 del SUMAC.
[7] Entrada 20 del SUMAC.

Así las cosas, ante la inactividad del caso, el 10 de abril de 2025, el TPI dictó una *Orden de mostrar causa Regla 39.2*.[8] Ordenó a la parte demandante a expresar "razones justificativas y suficientes en derecho [ ], si alguna, por la cual no debamos desestimar el caso por no haber cumplido con las órdenes del Tribunal". Instó a los contendientes a detallar los trámites realizados hasta ese momento; entre otras cosas: el descubrimiento de prueba, teorías legales, estipulaciones y acuerdos transaccionales, si alguno. El dictamen se notificó directamente al señor Rivera Colón.

El 16 de abril de 2025, el Estado compareció de manera especial. Esgrimió que, en los anteriores seis (6) meses, el demandante había abandonado el caso e incumplido con las órdenes judiciales, toda vez que no había enmendado la *Demanda* en consonancia con la Regla 8.2 de Procedimiento Civil, *supra*, ni presentado otra moción sustantiva. A esos efectos, indicó que la causa debía ser desestimada. El TPI desestimó el caso por inactividad, al tenor del inciso (b) de la Regla 39.2 de Procedimiento Civil, *supra*, lo que notificó el 28 de abril de 2025.[9]

Así las cosas, el licenciado Rivera Seda instó una *Moción de comparecencia y reconsideración* en la misma fecha.[10] Planteó que no se había percatado de la designación, la cual no había sido identificada entre las notificaciones recibidas; y solicitó la reconsideración del dictamen desestimatorio. A su vez, pidió un término adicional para evaluar el expediente y descartar cualquier conflicto que pueda tener. Por igual, el señor Rivera Colón subrayó en un escrito de 5 de mayo de 2025,[11] que el licenciado Rivera Seda no se había comunicado ni indagado las particularidades pertinentes del caso. Añadió que representantes de la

---

[8] Entrada 21 del SUMAC.
[9] Entrada 23 del SUMAC.
[10] Entrada 24 del SUMAC.
[11] Entrada 26 del SUMAC.

división legal del DCR intentaron entrevistarlo, pero que no quiso "argumentar palabra alguna", ya que tenía abogado.

El 1 de mayo de 2025, el TPI dejó sin efecto la *Sentencia* y ordenó al demandante "a cumplir con lo ordenado el 24 de enero de 2024 en un término final de 20 días so pena de sanciones".[12] Luego, el día 8 siguiente, el licenciado Rivera Seda solicitó la renuncia por un conflicto personal, ya que tenía una relación de amistad con el secretario del DCR, Francisco Quiñones Rivera.[13] En la misma fecha, notificada al otro día, el TPI aceptó la renuncia mediante una *Resolución interlocutoria*.[14] Cabe señalar que el señor Rivera Colón también había instado una *Moción en reconsideración* de la *Sentencia* en la que solicitó una nueva representación legal.[15] Al respecto, el 28 de mayo de 2025, el TPI notificó un pronunciamiento en el que insistió en el cumplimiento de la *Resolución* de 1 de mayo de 2025, "so pena de las sanciones apercibidas".[16] Entonces, el señor Rivera Colón presentó una *Moción en solicitud de nuevo abogado de* oficio.[17] Allí, cuestionó el proceder dilatorio del licenciado Rivera Seda y nuevamente solicitó la asignación de un abogado. No obstante, el TPI dictó la *Sentencia* apelada en la que procedió a archivar el caso, sin perjuicio, al palio del inciso (a) de la Regla 39.2 de Procedimiento Civil, *supra*, por el incumplimiento de las órdenes emitidas el 24 de enero de 2024 y el 1 de mayo de 2025.

Inconforme, el 7 de julio de 2025, el señor Rivera Colón acudió ante nos mediante un escrito intitulado *Apelación*, en el que no consignó un señalamiento de error en específico. Empero, de su escrito apelativo se desprende que, ante su indigencia, requiere de la asignación de un nuevo abogado de oficio, ya que no tiene los conocimientos necesarios para

---

[12] Entradas 25 y 28 del SUMAC.
[13] Entrada 27 del SUMAC.
[14] Entrada 29 del SUMAC.
[15] Entrada 30 del SUMAC.
[16] Entrada 31 del SUMAC.
[17] Entrada 32 del SUMAC.

esbozar el derecho sustantivo, en atención a los intereses de su causa de acción, así como cumplir con las reglas procesales.

Ponderadas las alegaciones de la parte apelante y la normativa aplicable, prescindimos del alegato de la parte apelada, por virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025). Al amparo de la norma procesal, este foro revisor tiene la facultad de prescindir de escritos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

## II.

El Poder Judicial tiene un compromiso firme con promover el acceso a los tribunales mediante la representación legal gratuita a personas de escasos recursos económicos. En aras de hacer valer el acceso efectivo a la justicia, el Tribunal Supremo de Puerto Rico aprobó el *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico,* según enmendado (Reglamento). La reglamentación aspira a "garantizar el acceso a la representación legal a personas de escasos recursos económicos, como corolario al principio constitucional de igualdad ante la ley del Artículo II, Sección 1 de nuestra Constitución". Véase, Regla 1 del Reglamento, *Título y base jurídica.* Para la consecución de este deber, la reglamentación implementa un **sistema de asignaciones de oficio para procedimientos de naturaleza civil** y penal en los tribunales de Puerto Rico. *Id.* El cuerpo regulador mandata en su Regla 2, *Propósito e interpretación,* una hermenéutica que propenda al "acceso a los tribunales mediante la **representación legal gratuita a personas de escasos recursos económicos que cualifiquen como indigentes** al amparo de las normas y los procedimientos establecidos en este Reglamento y de los criterios económicos establecidos por la Oficina de Administración de los

Tribunales". (Énfasis nuestro). Asimismo, la referida Regla 2 refrenda la

**discreción judicial para ordenar la asignación de oficio de**

**representación legal de una persona indigente**, aun cuando el asunto

del procedimiento judicial no se haya reconocido de forma expresa por la

reglamentación. Ello si, a juicio del tribunal, la "asignación promueve la

sana administración del sistema judicial y la equidad procesal entre las

partes, como corolario al imperativo del acceso a la justicia, conforme a los

parámetros establecidos en este Reglamento". *Id.*

Cónsono con lo anterior, los incisos (c) y (d) de la Regla 5 del

Reglamento, *Alcance del Reglamento; procedimientos judiciales aplicables*,

disponen lo siguiente:

.       .       .       .       .       .       .       .

(c) *Discreción del tribunal.* De forma excepcional, **este Reglamento también aplicará a los procedimientos judiciales no reconocidos de forma expresa** en los incisos (a) y (b) de esta Regla **cuando el tribunal considere que ordenar la asignación de oficio promueve la sana administración del sistema judicial y la equidad procesal entre las partes**, en aras de garantizar el acceso a la justicia, conforme a los parámetros establecidos en este Reglamento.
.       .       .       .       .       .       .       .
Además, sopesará los factores establecidos en la siguiente Regla 5(d) de esta Regla, según apliquen.

(d) *Factores aplicables a las asignaciones en procedimientos de naturaleza civil.* Previo a la asignación de un abogado o abogada de oficio en un procedimiento judicial de naturaleza civil, el tribunal sopesará los factores siguientes:
(1) la **capacidad de la persona indigente para representarse a sí mismo** de manera adecuada en el caso;
(2) la **renuncia voluntaria de la persona indigente a ejercer su autorrepresentación**;
(3) la **inhabilidad de la persona indigente para obtener representación legal por otros medios**, para lo cual acreditará al tribunal las gestiones realizadas para procurar dicha representación;
(4) la naturaleza y **complejidad de la controversia a adjudicarse**, tanto legal como fáctica, incluyendo la **necesidad de realizar una investigación de los hechos en controversia**;
(5) la viabilidad de una pronta disposición del asunto sin necesidad de asistencia de un abogado o una abogada para la persona indigente;

(6) el potencial mérito de las reclamaciones según surge de las alegaciones, para lo cual se podrá considerar si la acción ha sido presentada previamente;

(7) la **etapa procesal en la que se encuentre el caso** y el **efecto que la asignación de oficio tendrá en su administración**;

(8) la **probabilidad de que la asignación de oficio acorte el término del procedimiento judicial** y asista en una justa determinación;

(9) si la asignación de oficio promueve los intereses de la justicia y el interés público, y

(10) cualquier otro factor que el Tribunal exprese que resulta apropiado conforme a las circunstancias particulares del caso en el balance de los factores antes enumerados. (Énfasis nuestro).

Sabido es que, aun cuando en casos civiles la representación legal de oficio no opera si la acción es frívola ni se extiende a nivel apelativo, el inciso (a) de la Regla 9, *Proceso de determinación de indigencia, selección de representación de oficio y notificación de la orden de asignación; deberes del abogado o de la abogada*, impone unos deberes al abogado designado. En particular, se consigna la atención oportuna en atender "**cualquier notificación del tribunal relacionada a una asignación de oficio**". (Énfasis nuestro). Además, la reglamentación dispone de un término no mayor de cinco (5) días, a partir de la notificación de la orden de designación, para que el abogado exponga y fundamente cualquier impedimento por el cual no podrá asumir la representación legal de oficio. *Id.*

Finalmente, el Reglamento también provee para la creación de un ***Panel de Abogados y Abogadas Voluntarios***, a fin de que éstos figuren en los primeros turnos del banco de oficio. Estos juristas, a su vez, podrán cobrar por los servicios prestados desde el inicio de la representación legal de oficio. Por tanto, son estos abogados y abogadas los primeros en recibir asignaciones de oficio y cobrar por los servicios prestados. Regla 8 (c) (1) del Reglamento, *Proceso de determinación de indigencia, selección de representación de oficio y notificación de la orden de asignación; deberes del tribunal*; refiérase, además, *Guías de facturación por servicios prestados*

*en el Panel de Abogados y Abogadas de Oficio*, octubre 2023. "**Una vez se agote el banco del Panel, por no existir ningún abogado o abogada disponible en el Panel**", entonces, el TPI podrá seleccionar el abogado o la abogada próxima en turno en el Banco de Abogados de Oficio General. (Énfasis nuestro). Véase, Circular Núm. 18 Año Fiscal 2022-2023 de 22 de febrero de 2023, *Directrices para el Panel de Abogados y Abogadas Voluntarios* (D) (2).

**III.**

En el caso del epígrafe, el señor Rivera Colón procura la asistencia de un nuevo abogado de oficio. El apelante, quien ostenta un nivel educativo intermedio, es indigente y se encuentra confinado, plantea que carece de las competencias necesarias para esbozar el derecho sustantivo de su causa. Nos persuade.

En este caso, aun cuando el señor Rivera Colón alegó en su *Demanda* de ocho (8) páginas los hechos particulares que motivaron el pleito y la fecha de su ocurrencia, así como los presuntos daños físicos y morales sufridos, quiénes supuestamente los causaron e invocó un remedio económico, el Estado requirió que las alegaciones satisficieran las normas procesales civiles; y el TPI lo ordenó. Ciertamente, el apelante adolece del conocimiento necesario para dar cumplimiento al mandato que, en esencia, provocó la desestimación, sin perjuicio, de su reclamación civil.

Como reseñamos, culminado el trámite en el caso KLCE202400418 y aun cuando la presente causa de acción no está incluida en la Regla 5 (b) del Reglamento, el TPI discrecionalmente decidió designar al licenciado Rivera Seda como representante legal del apelante el 12 de junio de 2024. Fundamentó su determinación en que la causa versaba sobre una alegada violación de derechos civiles. Ahora, en contravención del *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico,* el licenciado

Rivera Seda no compareció hasta el 28 de abril de 2025; y luego, el TPI validó su renuncia tardía el 8 de mayo de 2025. El propio apelante constató que el abogado nombrado como su defensor nunca lo entrevistó. Sin embargo, consciente de la designación, adujo que se negó a emitir expresiones al DCR.

Somos del criterio que, dadas las circunstancias particulares de este caso y las disposiciones reglamentarias que rigen la materia, lo que procede es designar un nuevo abogado de oficio. Primero, nótese que el TPI ya determinó que el apelante satisfizo los requerimientos de indigencia y justificó el nombramiento de representación legal de oficio por la causa de acción invocada. Segundo, el incumplimiento de las órdenes del TPI no es imputable al señor Rivera Colón, quien ha reconocido su inhabilidad y ha sido consistente en la defensa de su caso, sino al licenciado Rivera Seda. Tercero, estimamos que convergen varios de los factores que aplican a las asignaciones excepcionales en los procedimientos de naturaleza civil; a saber: el apelante tiene una escolaridad limitada que incide sobre su capacidad para representarse a sí mismo de manera adecuada; ha expresado su inhabilidad para la autorrepresentación; su condición de reclusión lo limita para obtener representación legal por otros medios; el caso requiere la realización de una investigación de los hechos en una institución carcelaria distinta a la que se encuentra actualmente el apelante; el caso se encuentra en una etapa procesal temprana, ya que el apelado, precisamente por solicitar la enmienda a la *Demanda*, no ha presentado su alegación responsiva; y también está presente la probabilidad de que una nueva designación de oficio adelante el trámite judicial y acorte el procedimiento.

Así, pues, es forzoso concluir que, una vez decretada por el TPI, de manera excepcional, la necesidad de un abogado de oficio en este procedimiento civil para que asista al señor Rivera Colón, y ante el

incumplimiento del primer designado, el Reglamento aconseja la asignación de un nuevo abogado de oficio. Por consiguiente, no podemos refrendar la extrema decisión de desestimar, sin perjuicio, el pleito. Para situaciones como ésta, el Reglamento ha creado precisamente un Panel de Abogados y Abogadas Voluntarios, quienes encabezan los turnos del banco de oficio.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Sentencia* apelada. En consecuencia, ordenamos al Tribunal de Primera Instancia a que asigne un abogado de oficio del Panel de Abogados y Abogadas Voluntarios al señor Daniel Rivera Colón.

Lo acordó el Tribunal y lo certifica su Secretaria.

Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones